UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MARSHAK, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-03849 |
| | ) | |
| v. | ) | |
| | ) | |
| LETTUCE ENTERTAIN YOU | ) | |
| ENTERPRISES, INC. d/b/a RESTAURANT | ) | |
| PERSONNEL, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | | |

## COMPLAINT

Plaintiff, Michael Marshak ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Lettuce Entertain You Enterprises, Inc. d/b/a Restaurant Personnel, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §12101 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. have occurred or been complied with.

5. A charge of employment discrimination on basis of disability and retaliatory discharge was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Michael Marshak resided in Lake County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Lettuce Entertain You Enterprises, Inc. d/b/a Restaurant Personnel, Inc. was a corporation doing business in and for Lake County whose address is 235 Parkway Drive, Lincolnshire, IL 60069.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. §12111(4).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a cook on or around July 11, 2022 until his unlawful termination on or around September 22, 2022.

12. As a cook, Plaintiff's job duties included, but were not limited to, the following: cook food for customers, prepare food and work stations to ensure efficiency, clean and sanitize his work station, and follow proper food storage procedures.

13. Plaintiff has a mental impairment which substantially limits his major life activities, including but not limited to walking, talking, sleeping, caring for himself, and performing manual tasks.

14. Despite Plaintiff's disability, he performed or could have performed the essential functions of his job with or without accommodations.

15. Plaintiff is a "qualified individual" as defined under the ADA.

16. Plaintiff disclosed his disability to Defendant at the beginning of his employment.

17. In or around early September 2022, Plaintiff was hospitalized for reasons related to his disability.

18. Following the incident, Plaintiff engaged in protected activity and requested reasonable accommodation from Defendant in the form of medical leave due to his hospitalization.

19. Plaintiff obtained the proper medical documentation to provide to Defendant in order to receive approved medical leave.

20. On or around September 5, 2022, Plaintiff received clearance from his doctor to return to work.

21. Plaintiff subsequently reached out to Defendant's Human Resources (HR) Department to inform them of his change in health status and to request a return date.

22. However, Defendant's HR representative(s) informed Plaintiff that he had been

terminated.

23. Defendant, instead of engaging in the interactive process of determining the appropriate accommodation for Plaintiff's disability, terminated Plaintiff's employment.

24. Plaintiff was shocked and distressed at the sudden loss of his employment.

25. Defendant failed to accommodate Plaintiff's disability, despite Plaintiff's reasonable request for time off work following his cardiac arrest.

26. Other similarly situated individuals outside of Plaintiff's protected class (non-disabled individuals) were not subject to the same disparate treatment as Plaintiff.

27. Ultimately, Defendant's reason for terminating Plaintiff's employment was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

28. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

29. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

30. Plaintiff met or exceeded performance expectations.

31. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

32. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

33. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of the ADA.

34. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

35. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

36. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
**Violation of the Americans with Disabilities Act**
**(Failure to Accommodate)**

37. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

38. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

39. Plaintiff is a qualified individual with a disability.

40. Defendant was aware of the disability and the need for accommodations.

41. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

42. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

43. Defendant did not accommodate Plaintiff's disability.

44. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

45. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

46. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT III
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

47. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

48. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq*.

49. During Plaintiff's employment with Defendant, Plaintiff requested accommodation in the form of time off of work for his disability-related medical emergency.

50. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

51. In response to Plaintiff's request for reasonable accommodation, Defendant failed to engage in the interactive process to determine the appropriate accommodation.

52. Defendant failed to accommodate Plaintiff's disability and instead terminated his employment.

53. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's request for reasonable accommodation, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

54. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

55. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

56. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

   a. Enter an Order finding that Defendant unlawfully discriminated and retaliated against Plaintiff in violation of the ADA and award the following;

   b. Back pay with interest;

   c. Payment of interest on all back pay recoverable;

   d. Front pay;

   e. Loss of benefits;

   f. Compensatory and punitive damages;

   g. Reasonable attorneys' fees and costs;

   h. Award pre-judgment interest if applicable; and

   i. Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 19th day of June, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Travis P. Lampert*
**TRAVIS LAMPERT, ESQ.**
IL Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*